UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL MILLER, Booking #16113441,<br><br>                               Plaintiff,<br><br>     vs.<br><br>DENNIS M. PENISH,<br><br>                               Defendants. | Case No.: 3:16-cv-3078-AJB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Russell H. Miller ("Plaintiff"), currently incarcerated at the Sierra Conservation Camp in Jamestown, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1   In support of his IFP Motion, Plaintiff has submitted a prison certificate. *See* ECF
2   No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119.
3   These statements show Plaintiff has had no monthly deposits to his account, has carried
4   no balance over the six month period preceding the filing of his Complaint, and that his
5   current available balance is zero. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no
6   event shall a prisoner be prohibited from bringing a civil action or appealing a civil action
7   or criminal judgment for the reason that the prisoner has no assets and no means by
8   which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at
9   850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of
10  a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds
11  available to him when payment is ordered.").

12  Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2),
13  declines to "exact" any initial filing fee because his trust account statement shows he "has
14  no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary for the California
15  Department of Corrections and Rehabilitation to instead collect the entire $350 balance of
16  the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court
17  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

18  **II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**
19  **A.    Standard of Review**
20  Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-
21  answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these
22  statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of
23  it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants
24  who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
25  (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.
26  2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that
27  the targets of frivolous or malicious suits need not bear the expense of responding.'"
28  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

1  "The standard for determining whether a plaintiff has failed to state a claim upon
2  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
3  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
4  F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
5  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
6  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
7  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
8  as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
9  662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

10  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
11  elements of a cause of action, supported by mere conclusory statements, do not suffice."
12  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
13  relief [is] ... a context-specific task that requires the reviewing court to draw on its
14  judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
15  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
16  this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
17  (9th Cir. 2009).

18  **B.   42 U.S.C. § 1983**
19  "Section 1983 creates a private right of action against individuals who, acting
20  under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*
21  *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of
22  substantive rights, but merely provides a method for vindicating federal rights elsewhere
23  conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks
24  and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)
25  deprivation of a right secured by the Constitution and laws of the United States, and (2)
26  that the deprivation was committed by a person acting under color of state law." *Tsao v.*
27  *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).
28  / / /

### C. Statute of Limitations

Plaintiff's claims arose when he was engaged in criminal proceedings in 2000. (*See* Compl. at 1.) "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); s*ee also Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

/ / /

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful act" which is alleged to have caused Plaintiff harm occurred nearly sixteen years before Plaintiff filed his Complaint in this action, and far outside California's statute of limitations, even including all presumed periods of tolling provided by statute, or pending the exhaustion of any administrative remedies. *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Jones*, 393 F.3d at 927; *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)).

Specifically, Plaintiff claims his constitutional rights were violated during his criminal proceedings in 2000. (*See* Compl. at 1, 3.) Therefore, he had "reason to know" the basis of his cause of action in 2000, but did not file this case until December 16,

1  2016—well after the limitations period elapsed. *See Maldonado*, 370 F.3d at 955.

2  Finally, Plaintiff's claims could be considered timely if, in his Complaint, he
3  alleges facts sufficient to show the limitations period may be equitably tolled. *See*
4  *Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law
5  regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d
6  372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three
7  conditions to equitably toll the statute of limitations: (1) he must have diligently pursued
8  his claim; (2) his situation must be the product of forces beyond his control; and (3)
9  Defendants must not be prejudiced by the application of equitable tolling. *See Hull v.*
10 *Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994);
11 *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

12 As currently pleaded, however, the Court finds Plaintiff has failed to plead any
13 facts which, if proved, would support any plausible claim for equitable tolling. *See*
14 *Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. Accordingly, the Court finds Plaintiff's
15 claims are barred by the statute of limitations, and his entire Complaint must be
16 dismissed for failing to state a claim upon which section 1983 relief may be granted. *See*
17 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d at 1194.

18 **D. Criminal Proceedings**

19 Plaintiff alleges that his civil rights have been violated because Defendants
20 "engaged in sentence advocacy" which caused his criminal sentence to be "enhanced."
21 (Compl. at 3.) Plaintiff claims that this was a "breach of plea agreement." (*Id.*) Plaintiff
22 was subject to criminal proceedings in San Diego Superior Court in 2000 and claims the
23 Deputy District Attorney prosecuting him introduced "new evidence" that "could not be
24 magically erased." (*Id.* at 11.) Plaintiff seeks injunctive relief in the form of this Court
25 issuing an "order for resentencing." (*Id.* at 8.)

26 However, "[s]uits challenging the validity of the prisoner's continued
27 incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper
28 remedy for a state prisoner who is making a constitutional challenge to the conditions of

his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

### E. Prosecutorial Immunity

Finally, to the extent Plaintiff seeks damages against Dennis Penish for being the prosecutor in his criminal proceedings, his claims are legally frivolous, because as a prosecutor, Dennis Penish is entitled to absolute prosecutorial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted, and that it therefore must be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### III. Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by Plaintiff's pleadings would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

/ / /
/ / /
/ / /
/ / /

## IV.   Conclusion and Order

For all the reasons explained the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4.   **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), without leave to amend as futile.

5.   **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6.   **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated:  March 22, 2017

Hon. Anthony J. Battaglia
United States District Judge